MELLINGER & CO. v. PARSONS & CO. ET AL.

1. **Partnership: CHANGE OF NAME: EVIDENCE.** It is competent, in an action against a partnership, to show that notwithstanding the withdrawal of a partner and a change of the firm name the partnership has remained practically the same, and the business was conducted by the same persons both before and after the withdrawal and change.

*Appeal from Des Moines Circuit Court.*

SATURDAY, APRIL 26.

ACTION in chancery to foreclose a chattel mortgage. There was a decree granting the relief prayed for by plaintiffs. Defendants appeal. The facts of the case appear in the opinion.

*John C. Power*, for appellants.

*Poor & Millspaugh*, for appellees.

BECK, CH. J.—I. The chattel mortgage which plaintiffs seek to foreclose was executed by Parsons, Berry & Warren, and covers all the stock of stoves and hardware of the firm in or about their place of business, at No. 33 Jefferson street, or stored or kept at any other place in the city, and all stoves, etc., which the firm should afterward add to their stock at their place of business, or at any other place in the city. The mortgage was executed in 1866. In 1874 the stock was removed to 111 Valley street, and thereupon another instrument was executed which, after reciting the mortgage, states that the firm of Parsons, Berry & Warren, under the name of N. Parsons & Co., had made the removal of the stock, and that the purpose of the instrument is "to give notice that the mortgage is still in force, and covers the said stock of goods where now located, as fully and effectually as when first made." Plaintiffs join in the instrument, and consent to the removal of the property subject to the mortgage.

II. The petition alleges that a part of the mortgage debt

remains unpaid; that the name of the firm was changed by the partners to the style of N. Parsons & Co., and that defendant Darling has taken possession of the property.

Darling, in his answer, sets up that he holds the goods as assignee in bankruptcy of N Parsons & Co , who were the owners of the property, and that the firm of Parsons, Berry & Warren has no interest in it; that the two firms are distinct and different, and are not composed of the same persons; that the last named firm was dissolved, and the other firm carried on business as another and distinct copartnership, and that he has, therefore, no property in his possession that belongs to the firm executing the mortgage.

In reply to this answer plaintiffs allege that the firm of Parsons, Berry & Warren was never dissolved; that if there was any change in the persons constituting the copartnership it was caused by the retirement of Warren, who was not an active, managing partner, and that the name of the firm was changed and nothing more.

III. The cause was not tried upon written testimony, nor upon evidence reduced to writing, upon the order of the court before made; it is, therefore, not triable here *de novo*. This defendants' counsel seem to concede, as he assigns error upon the record.

IV. We know of no law to prevent a firm changing its name. Under its new style contracts executed in its first name will surely be binding. Notwithstanding the withdrawal of a member of a firm it practically continues, so far as the rights of third parties are concerned, who deal with any one of the members in the firm name under circumstances which justify the supposition that no change has taken place. If one member withdraws without the consequences of a dissolution following the remaining members may change the name of the firm; this change of name will be followed by the same results as though there had been no withdrawal.

It was, therefore, competent for plaintiffs to prove the change

1. PARTNER-
SHIP: change
of name: evidence.

of name of the firm by the instrument executed upon the removal of the place of business, and by other proper testimony, showing that the business was managed and conducted by the same persons before and after the withdrawal, and that there had been no dissolution of the partnership. Evidence of this character was admitted, against defendants' objection, and is the foundation of assignments of error made in this court. There was no error in the court's rulings admitting the evidence.

V. It is lastly insisted that the evidence is not sufficient to support the decree of the court below. The case not being tried here *de novo*, we cannot interfere unless there be such absence of testimony as would authorize us to reverse a judgment upon the verdict of a jury. It cannot be claimed that the case is in that condition. There is evidence upon the issues supporting the decree of the court below.

AFFIRMED.